UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN VALDEZ,<br><br>        Plaintiff,<br><br>   v.<br><br>J. PICKETT, et al.,<br><br>        Defendants. | No.  2:20-cv-0134 WBS DB P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

      Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has twice requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  (ECF Nos. 1, 2, 8).  Plaintiff has also filed an unsolicited first amended complaint ("FAC").  (ECF No. 5).  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

      For the reasons stated below, plaintiff's first-filed application to proceed in forma pauperis will be denied as incomplete and his second-filed in forma pauperis application will be granted. In addition, pursuant to <u>Lacey v. Maricopa Cty.</u>, 693 F.3d 896, 925 (9th Cir. 2012), the court shall screen plaintiff's FAC instead of the original one, as it supersedes it.  Finally, the undersigned shall recommend that this action be dismissed for failure to state a claim upon which relief may be granted.

////

## I.  IN FORMA PAUPERIS APPLICATION

Plaintiff's initial application to proceed in forma pauperis, filed January 17, 2020 (ECF No. 2) is incomplete.  Therefore, it will be denied as such.  On February 6, 2020, however, plaintiff filed a second in forma pauperis application.  (See ECF No. 8).  It makes the showing required by 28 U.S.C. § 1915(a).  (See ECF Nos. 4, 8).  Accordingly, it will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## II.  SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

////

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### III.     PLEADING STANDARD

#### A.     Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

**B.      Linkage Requirement**

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Id. at 676.

**IV.     PLAINTIFF'S COMPLAINT**

Plaintiff, an inmate at High Desert State Prison ("HDSP") names Investigative Services Unit ("ISU") Officer D. Contreras; Senior Hearing Officer Lieutenant B. Sharp; Acting Associate Warden K. Gether; Chief Deputy Warden J. Pickett; Appeals Examiner G. Bickham, and Acting Chief T. Ramos – presumably all employees at HDSP – as defendants in this action. (See ECF No. 5 at 1, 3). He contends that they violated his procedural due process right to a meaningful opportunity to heard, to present witnesses and to impartiality during a November 2018 rules violation hearing related to a charge of possession of a controlled substance. (See id. at 3-5, 7-18). He also contends that defendants violated his substantive due process rights when they deprived him of supporting evidence at the hearing. (See id. at 3-5, 7-18).

For these violations of right, plaintiff requests that compensatory and punitive damages be awarded to him. (See ECF No. 5 at 5). He also asks that the finding of guilt against him of possession of a controlled substance be expunged. (See id.).

////

4

V. **APPLICABLE LAW**

   A. <u>**Wolff**</u> **Considerations**

When determining whether an inmate has been deprived of due process during a disciplinary hearing, the court considers the hearing requirements laid out in <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974). The <u>Wolff</u> procedural due process requirements are: (1) advance, written notice of violation; (2) provision of at least 24 hours to prepare for committee appearance; (3) written statement of fact-finding; (4) the right to present witnesses and evidence where it would not be unduly hazardous to institutional safety; (5) an impartial decision-making body, and (6) assistance if inmate is illiterate or if issues are complex. <u>Wolff</u>, 418 U.S. at 564-70; <u>see</u> generally <u>Hanrahan</u>, 747 F.2d at 1140. These requirements protect prisoners from "arbitrary actions extinguishing their privileges." <u>Hanrahan</u>, 747 F.2d at 1140 (citation omitted).

   B. **"Some Evidence" Rule**

Courts must grant great deference to a prison's decision to impose discipline against an inmate. <u>See</u> <u>In re Rothwell</u>, 164 Cal. App .4th 160, 176 (2008); <u>see also</u> <u>In re Johnson</u>, 176 Cal. App. 4th 290, 297 (2009) (citing <u>Rothwell</u>). Consequently, when reviewing such a decision, the appropriate standard for federal courts to apply is the "some evidence" standard outlined in <u>Superintendent, Massachusetts Correctional Institution, Walpole v. Hill</u>, 472 U.S. 445 (1985). <u>See</u> <u>Rothwell</u>, 164 Cal. App. 4th at 167. Specifically, if there is any evidence in the record that could support the conclusion reached by the disciplinary board, the requirements of due process are satisfied. <u>See</u> <u>Hill</u>, 472 U.S. at 455-56.

Determining whether the "some evidence" standard is satisfied in a particular case does not require examination of the entire record, independent assessment of the credibility of witnesses, or the weighing of evidence. <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1105 (9th Cir. 1986), <u>abrogated on other grounds by</u> <u>Sandin v. Connor</u>, 515 U.S. 472 (1995)). Thus, with a decision on a disciplinary charge, if there is any reliable evidence in the record that could support the conclusion reached by the fact finder, the decision must be upheld. <u>See</u> <u>Powell v. Gomez</u>, 33 F.3d 39, 40 (9th Cir. 1994) (citing <u>Hill</u>, 472 U.S. at 455-65 and <u>Cato v. Rushen</u>, 824 F.2d 703, 705 (9th Cir. 1987)). "The fundamental fairness guaranteed by the Due Process Clause does not

5

require courts to set aside decisions of prison administrators that have some basis in fact." Hill, 472 U.S. at 456.

### C. California Code of Regulations Title 15, §§ 3016(b) & 3000

California Code of Regulations Title 15, § 3016(b) forbids the possession, manufacture or control of a controlled substance. It states: "Inmates shall not possess, manufacture, or have under their control any controlled substance, medication, or alcohol, except as specifically authorized by the institution's / facility's health care staff." Cal. Code Regs. tit. 15, § 3016(b). In addition, California Code of Regulations Title 15, § 3000 states: "Constructive possession exists where a person has knowledge of an object and control of the object or the right to control the object, even if the person has no physical contact with it." Cal. Code Regs. tit. 15, § 3000.

### D. Discretion and Deference Afforded Prison Officials

Prison officials are given broad discretion when conducting disciplinary hearings. See Wolff, 418 U.S. at 566 ("We should not be too ready to exercise oversight and put aside the judgment of prison administrators."). They must be permitted to keep disciplinary hearings within reasonable limits, which includes excluding witnesses for irrelevance or lack of necessity with respect to the evidence. See generally Wolff, 418 U.S. at 566. Thus, an inmate's right to call witnesses during a disciplinary hearing is limited. See Baxter v. Palmigiano, 425 U.S. 308, 321 (1976) (noting limited right to call witnesses under Wolff); see generally Ponte v. Real, 471 U.S. 491, 499 (1985).

The decision to allow witnesses to be called should be made on a case-by-case basis. See Serrano v. Francis, 345 F.3d 1071, 1079 (9th Cir. 2003) ("Jail officials need not provide inmates an unfettered right to call witnesses."); see generally Martin v. Cate, No. 2:10-cv-0590 JKS, 2012 WL 468017, at *4 (E.D. Cal. Feb. 10, 2012) (stating plaintiff not entitled to relief on basis that he was denied right to call witnesses). An inmate may call witnesses and present documentary evidence in his defense only when permitting him to do so will not be unduly hazardous to institutional safety or concerns. Wolff, 418 U.S. at 566. Thus, it follows that when considering whether due process was provided in the prison context, broad discretion must be given to prison officials. See generally Wolff, 418 U.S. at 560-63.

## VI. DISCUSSION

### A. Relevant Facts

On August 7, 2018, defendant Contreras and other ISU staff conducted a random K-9 dog search of the cell of plaintiff and his cellmate. (See ECF No. 5 at 3-4, 27). The search resulted in the discovery of an address book with a card saturated in methamphetamine on the desk area in the cell. (See id. at 27).

Plaintiff was written up, and a rules violation report charging plaintiff with possession of a controlled substance in an institution was issued. (See ECF No. 5 at 27-30). A disciplinary hearing was held on November 17, 2018, and plaintiff was eventually found guilty as charged. (See id. at 31-40). As a result, plaintiff lost 121 days of credit, ninety days each of pay and various visiting privileges, and thirty days each of canteen, phone, yard, and package privileges. Plaintiff was also required to submit to one month of mandatory drug testing. (See id. at 36-40).

Plaintiff argues that his due process rights were violated during the hearing because defendant Sharp denied his request to have his cellmate and ISU Officer M. Young[1] testify at the hearing and because the hearing was not impartial. (See ECF No. 5 at 3, 11-12). He also contends that his due process rights were violated because it cannot be shown that some evidence existed to establish that he constructively possessed the methamphetamine-soaked card. (See id. at 3).

### B. Analysis

#### 1. Plaintiff Was Provided Due Process Protections Under Wolff

The record indicates – and plaintiff does not dispute – that he received advance, written notice of the alleged violation and charges against him, namely, possession of a controlled substance in an institution. (See generally ECF No. 5 at 27-30). Given that plaintiff appears to have received the rules violation report on or around October 25, 2018, when he signed a request to postpone the disciplinary hearing (see id. at 4, 27, 31), and that the subsequent hearing

---

[1] Officer Young collected evidence after the cell search discovery. (See ECF No. 5 at 27). She and defendant Contreras also physically searched plaintiff after the incident and found his address book in his possession at that time. (See id. at 11-12, 51).

occurred on November 17, 2018 (see id. at 31), plaintiff clearly had more than twenty-four hours to prepare for his appearance before the hearing committee.

Furthermore, in compliance with Wolff, prior to the hearing, it was determined that plaintiff did not need assistance during it because he was able to investigate the charges against him and the issues in the case were not complex. (See ECF No. 5 at 33). Defendant Lieutenant B. Sharp presided over the hearing. (See id. at 38). Plaintiff does not claim with any specificity that defendant Sharp – or anyone else who may have been involved with the hearing – personally failed to be impartial during it. (See generally id. at 1-18). Furthermore, defendant Sharp's decision to allow only one of three of plaintiff's requested witnesses to testify (see generally id. at 11-12, 34) does not demonstrate a lack of impartiality. Such a decision is fully within a prison official's purview. See Serrano, 345 F.3d at 1079. Therefore, to the extent plaintiff may be attempting to make this argument (see generally ECF No. 5 at 3, 11-12), it fails.

The fact that plaintiff's cellmate was not permitted to testify, who, according to plaintiff, would have stated that the address book and controlled substance belonged to him and that plaintiff had no knowledge that the drugs were in the cell (see ECF No. 5 at 12), does not mean plaintiff was deprived of due process, either. Because a disciplinary hearing is not a criminal proceeding, an inmate is not entitled to the same constitutional protections, such as the right to present all potentially exculpatory evidence. See Wolff, 418 U.S. at 556 ("[P]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."). See generally Hill, 472 U.S. at 455-56.

In addition, the fact that plaintiff was not given a reason why the testimony of two of his requested witnesses was not permitted is not actionable, either. See generally Ponte v. Real, 471 U.S. 491, 499 (1985) (remarking there may be sound basis for refusing to tell inmate why witness was denied). Finally, plaintiff does not dispute that he was timely provided with the requisite written statement of fact-finding after the hearing, here, the disciplinary hearing results (see ECF No. 5 at 1-18, 31-40).

In light of these undisputed facts which are supported by the record, plaintiff was provided adequate procedural due process for his disciplinary hearing as required pursuant to Wolff.

1 Therefore, the court now turns to the question of whether there was some evidence to support the
2 conclusion reached by the disciplinary board.

### B. Some Evidence Exists in Record to Support Hearing Findings

Prison disciplinary proceedings command the least amount of due process along the prosecution continuum. See United States v. Segal, 549 F.2d 1293, 1296 (9th Cir. 1977). Consequently, in this context, even if evidence in a case might be characterized as meager, if the record contains adequate evidence which indicates that the findings of the disciplinary board were not arbitrary, due process is not violated. See generally Hill, 472 U.S. at 457.

The record indicates that the card saturated in methamphetamine was found "on the left corner of the desk area on an address book." (See ECF No. 5 at 27). Granted, plaintiff provided circumstantial evidence during the hearing that that address book did not belong to him (see generally id. at 34) (prison authorities stipulating to fact that defendant Contreras had plaintiff's address book on the date methamphetamine was found in cell). However, this argument is a red herring. Plaintiff having his address book on his person at the time his cell was being searched (see id. at 11-12) does not preclude a determination that plaintiff constructively possessed the controlled substance found in the address book that was found in the cell. The record indicates that the desk area where the substance was found was shared by both plaintiff and his cellmate. (See id. at 35). Therefore, the controlled substance was accessible to plaintiff, even if it was not his.

The record also indicates that plaintiff testified at the hearing (see ECF No. 5 at 35), presumably providing any and all evidence which indicated that he had no knowledge of the presence of the controlled substance in his cell (see id. at 23).[2] Thus, prison officials considered this information prior to rendering their decisions. The record does not provide the court with a

---

[2] Although plaintiff has provided a declaration from his cellmate for the instant action which states that the controlled substance was his and that plaintiff did not know that it was in the cell (see ECF No. 5 at 66-67), there is no indication in the record that plaintiff presented a similar declaration to prison authorities during his November 2018 disciplinary hearing (see generally id. at 31-40). This is despite the fact that the rules permitted him to do so. See Cal. Code Regs. tit. 15, § 3320(l) (stating inmate may present documentary evidence in defense or mitigation of the charges).

9

1    detailed account of plaintiff's testimony.  Plaintiff does state, however, that on his own behalf, he

2    also argued that no testimony from either the reporting officer, witnesses, or staff had been

3    offered that plaintiff had the right to control the drugs in the cell or had knowledge of them.  (See

4    id. at 11).  The court presumes this was considered by the reviewing body as well.

5           Finally, the record appears to indicate that only defendant Sharp, who conducted the

6    disciplinary hearing (see ECF No. 5 at 11-14, 38), was made privy to plaintiff's evidence and any

7    other factors of consideration in their entirety.  Accordingly, the court defers to findings of

8    defendant Sharp.  See generally Wolff, 418 U.S. at 566.

9           Prison authorities ultimately found that plaintiff failed to provide evidence that he had no

10   knowledge that the controlled substance was in his cell.  (See ECF No. 5 at 35).  In addition, on

11   appeal, defendant Pickett further supported the original finding of guilt by a preponderance of the

12   evidence when s/he stated that:  (1) on July 28, 2018, approximately one week before the incident

13   in question, plaintiff requested to be moved into the same cell as his cellmate after the cellmate

14   had been moved to a new location, and (2) at that time, it was reasonable to believe that plaintiff

15   was aware of his cellmate's "numerous RVRs prior for possession of controlled substances and

16   cellular telephones."  (See id. at 60).

17          The prison authorities' determination as to whether plaintiff actually knew the controlled

18   substance was present in his cell was determined by a preponderance of the evidence,

19   specifically, whether the evidence presented by prison authorities, when weighed with contrary

20   evidence presented by plaintiff, had more convincing force and greater probability of truth.  See

21   generally City of Long Beach v. Workers' Comp. Appeals Bd., 126 Cal. App. 4th 298, 314

22   (2005).  The court defers to the prison officials' determination on this question.  Independent of

23   doing so, however, the court also finds that there was "some evidence" in the record to support

24   the finding that plaintiff possessed a controlled substance.

25          The location of the methamphetamine in the common area of plaintiff's cell put it within

26   plaintiff's control, irrespective of whether plaintiff actively did so.  On a common area desk, the

27   drugs could have easily been taken, trashed or tampered with by plaintiff at any time.  This begs

28   the question of whether at some point, plaintiff was not informed by his cellmate that the drugs

1 were there, if only in the cellmate's attempt to avoid having them inadvertently destroyed or
2 thrown out by plaintiff.  Moreover, as defendant Pickett noted in plaintiff's second level appeal,
3 the cellmate's "numerous RVRs . . . for possession of controlled substances" are facts of which
4 plaintiff was more than likely aware when he requested to be housed with his cellmate after he
5 was moved.  (See ECF No. 5 at 60).  For these reasons, the court finds that there is reliable
6 evidence in the record to support the disciplinary board's finding that plaintiff possessed a
7 controlled substance in prison.  Therefore, plaintiff was afforded sufficient due process.  As a
8 result, the FAC fails to state a claim upon which relief may be granted and should be dismissed.

       Accordingly, IT IS HEREBY ORDERED that:

       1.  Plaintiff's motion to proceed in forma pauperis, filed January 17, 2020 (ECF No. 2), is DENIED as incomplete;

       2.  Plaintiff's motion to proceed in forma pauperis, filed February 6, 2020 (ECF No. 8), is GRANTED, and

       3.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

       IT IS FURTHER RECOMMENDED that this action be DISMISSED for failure to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915A(b)(1).

       These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).

////
////
////
////
////
////

Within thirty days of the date of these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 4, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/vald0134.scrn.of&r